UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
JOSEPH R. WAKER, JR.,              )
                                   )
           Plaintiff,              )
                                   )
     v.                            )   Civil Action No. 10-0658 (PLF)
                                   )
DEVON BROWN *et al.*,              )
                                   )
           Defendants.             )
_____)

MEMORANDUM OPINION

In this civil rights action brought *pro se*, plaintiff claims that District of Columbia officials deprived him of his constitutional rights when he was arrested on a fugitive warrant and confined for six days at the District of Columbia Jail in April 2009. He sues District of Columbia Mayor Adrian Fenty, Police Chief Cathy Lanier, Department of Corrections Director Devon Brown, two Metropolitan Police Department ("MPD") officers, "B. Twentymon" and "Edwards," and two Department of Corrections ("DOC") officers, "Corporal Whiby" and "Unnamed Second Lieutenant," Compl. Caption, in their individual and official capacities. Compl. ¶ 2.

Pending before the Court are Fenty and Lanier's joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Brown's motion to dismiss under Rule 12(b)(6) and plaintiff's motion to compel the identities of the three listed MPD and DOC officers. Upon consideration of the parties' submissions, the Court will grant each motion to dismiss as to the individual-capacity claims and will substitute the District of Columbia as the proper defendant to the surviving official-capacity claims. In addition, the Court will dismiss the complaint against the MPD officers under 28 U.S.C. § 1915(e)(2) and will deny plaintiff's motion to compel without prejudice.

## I. BACKGROUND

Plaintiff alleges the following. On August 31, 2000, plaintiff "[a]llegedly . . . entered the Charles County Courthouse with a cane disguised as a weapon." Compl. ¶ 12. On April 1, 2009, he was arrested in the District of Columbia based on a "fugitive from justice warrant" issued by Charles County, Maryland. *Id*. The warrant was "signed by Officer J. Edwards, badge #542, and verified by Officer Twentymon." *Id*. Plaintiff was "taken to Central Cell on April 1, 2009 and to [the] maximum security area of the DC jail on April 2, 2009," where he remained until April 6, 2009, when he was taken to Charles County. *Id*. On April 6, the court in Maryland, released plaintiff on his own recognizance, and the underlying charges "were nolle prosequi on August 25, 2009." *Id*. Plaintiff claims that the "Affidavit in Support of Arrest Warrant" contained inaccurate information and "was invalid on its face." *Id*. ¶ 13.

During his six-day stay at the District of Columbia Jail, plaintiff alleges that he was denied a telephone call, visits with his family, proper medical care for hypertension, a proper diet, clean clothing "and basic essentials (such as a toothbrush)." *Id*. ¶¶ 12, 14-18. He also describes the conditions of his confinement as "nasty and dirty." *Id*. ¶ 19.

Residing in the District of Columbia, plaintiff filed this action on April 27, 2010. He seeks $15 million in compensatory damages from the District of Columbia "for violation of common law right of respondent superior and for violation of DC General Order 501.6," $15 million in compensatory and punitive damages from the arresting officers and jail officials, and injunctive relief "against all ongoing unconstitutional and unlawful polices, practices and customs that caused the harm complained of herein[.]" *Id*. at 7.

## II. DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007); *see Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted).

### A. The Personal-Capacity Claims

In a Section 1983 action, the complaint survives a motion to dismiss if it establishes the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of law, including District of Columbia law. 42 U.S.C. § 1983. An individual may be personally liable under Section 1983 only if it is shown that he or she directly participated in the wrongful acts. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases); *Price v. Kelly*, 847 F. Supp. 163, 169 (D.D.C. 1994), *aff'd*, 56 F.3d 1531 (D.C. Cir. 1995). Section 1983 provides no basis for recovery on a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 129 S.Ct. at 1948; *Rice v. District of Columbia Public Defender Service*, 531 F. Supp. 2d 202, 204 (D.D.C. 2008) (citations omitted). Furthermore, a Section 1983 claim based on a theory of supervisory liability "must allege that the official 'was

[directly] responsible for supervising the wrongdoer.'" *Brown v. District of Columbia*, 514 F.3d 1279, 1285 (D.C. Cir. 2008) (quoting *Haynesworth v. Miller*, 820 F.2d 1245, 1262 (D.C. Cir. 1987)).

Plaintiff seeks to hold Fenty, Lanier and Brown personally liable "[u]nder the doctrine of Respondent Superior" and as the "employers" of the alleged wrongdoers allegedly with "direct supervision" over them. Pl.'s Answer to Defs. Fenty and Lanier's Mot. to Dismiss ¶¶ 1-4; Pl's Answer to Def. Devon Brown's Mot. to Dismiss ¶¶ 1-4. However, "any § 1983 . . . claims against [] defendants [] whose only relationship to the [] litigation is their ultimate supervisory status [] must be dismissed." *Meyer v. Reno*, 977 F. Supp. 11 at 15. The Court therefore will grant defendants' motions to dismiss the complaint against them in their individual capacities.

### B. The Official-Capacity Claims

"A section 1983 suit for damages against municipal officials in their official capacities is [the] equivalent [of] a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citation omitted). In the pending motions, defendants claim that the District of Columbia has not been served and, thus, "it is not yet appropriate for [it] to file a responsive pleading to the complaint." Defs. Fenty and Lanier's Mot. to Dismiss at 7, n.3; Def. Brown's Mot. to Dismiss at 7, n.2. Under the rules of the Superior Court of the District of Columbia, "[s]ervice shall be made upon the District of Columbia by delivering . . . or mailing . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)." Rule 4(j)(1), Super. Ct. Civ. R. The docket reflects service upon the Mayor in

4

his individual and official capacity, but not upon the Attorney General for the District of Columbia. Thus, defendants are technically correct. The Court, however, has not dismissed the complaint against the moving defendants in their official capacities. It therefore will substitute the District of Columbia and direct the municipality to respond to the complaint arising only from the surviving claim stemming from plaintiff's detention at the District of Columbia Jail. *See Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009) ("Because 'the government entity receive[d] notice and an opportunity to respond,' the Court will construe the complaint as one brought against only the District of Columbia.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)) (alterations in original).

### C. Dismissal Under 28 U.S.C. § 1915

In a civil action where the plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss a complaint "at any time" it determines that it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff sues MPD Officer Edwards for signing the arrest warrant that allegedly contained inaccurate information and Officer Twentymon for allegedly "verif[ying]" the warrant. Compl. ¶ 12. He invokes the due process clause. *Id*. ¶ 13.

Plaintiff acknowledges that the arrest warrant affidavit "was based on the Charles County [fugitive] warrant[.]" *Id*. ¶ 13. He does not allege that the fugitive warrant was "invalidat[ed] by the issuing court or that he was the victim of mistaken identity." *Swinson v. D.C. Metro. Police Dep't*, No. 08-0809 (RMU), 2009 WL 1327225, *2 (D.D.C. May 12, 2009). Furthermore, the complaint's allegations implicitly establish that plaintiff received the process due him in the Maryland court. Plaintiff alleges that he appeared before the Maryland court on April 6, 2009, and was released that day on his own recognizance. Eventually, the underlying

5

charges "were nolle prosequi." Compl. ¶ 12. Even if the arrest warrant contained inaccurate information, the MPD officers could have reasonably relied on the Charles County fugitive warrant to effect plaintiff's arrest without running afoul of the due process clause. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law [because] [t]he Constitution does not guarantee that only the guilty will be arrested."). As the Supreme Court explained:

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers - all of whom may be potential defendants in a § 1983 action - is entirely consistent with 'due process of law.' Given the requirements that [an] arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Id*. at 145-46 (footnote omitted). In the absence of a constitutional violation stemming from the MPD officers' alleged conduct admittedly taken pursuant to a fugitive arrest warrant, the Court will dismiss *sua sponte* the complaint against Officer B. Twentymon and Officer Edwards under Section 1915(e)(2).

### III. CONCLUSION

For the foregoing reasons, the Court grants defendants Fenty and Lanier's motion to dismiss and defendant Brown's motion to dismiss on the ground that plaintiff has failed to

state a claim upon which relief can be granted against those defendants in their individual capacities. In addition, the Court, on its own motion, dismisses the complaint against MPD Officers Twentymon and Edwards on the ground that plaintiff has failed to state a federal claim against them.[1] As for the surviving official-capacity claims arising from plaintiff's detention at the District of Columbia Jail, the Court substitutes the District of Columbia as the real party in interest. A separate Order accompanies this Memorandum Opinion.

DATE: December 9, 2010

/s/_____
PAUL L. FRIEDMAN
United States District Judge

---

[1] The Court declines to exercise supplemental jurisdiction over any common or local law claims.